IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-295-HE |
| | ) |
| TRACY McCOLLUM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The undersigned recommends dismissal of the action without prejudice to refiling.

The Court granted pauper status on March 26, 2012, and ordered an initial payment of $12.94 by April 12, 2012.  *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1)(A)-(B).  This deadline was extended *sua sponte* to May 31, 2012.  Order (May 15, 2012).  The extensions expired eleven days ago, and the Plaintiff has not made the $12.94 payment or demonstrated good cause for his failure to pay.

The Court has provided two warnings about the potential for dismissal if Mr. Davis failed to timely pay the $12.94.  For example, when the payment was ordered, the Court stated that the action would be subject to dismissal without prejudice if Mr. Davis failed to make the initial payment or show cause for the nonpayment by April 12, 2012.  The Court later reminded Mr. Davis that the failure to timely submit the initial payment "could result in involuntary dismissal of the action."  Order (May 15, 2012).

Mr. Davis has failed to heed the two warnings, and the record does not reflect any excuse for the failure to comply with the Court's orders. When the action began, Mr. Davis had $161.65 in his draw and savings institutional accounts[1] and his average monthly balance for the preceding six months was $64.71. *See* Motion for Leave to Proceed *in Forma Pauperis* & Supporting Affidavit at 3 (Mar. 19, 2012). Thus, Mr. Davis apparently had the resources to pay the initial installment of $12.94. Indeed, he has had 77 days to pay the $12.94 or tell the Court why he could not comply. In these circumstances, the Court should dismiss the action without prejudice to the filing of a new suit.[2]

The Plaintiff is advised of his right to object to this report and recommendation by June 28, 2012. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d), 72(b)(2). If the Plaintiff does object, he must file the objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Plaintiff is further advised that if he does not timely object, he would waive his right to review by the Tenth Circuit Court of Appeals. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is discharged.

---

[1] Approximately half of the money was in Mr. Davis' savings account. However, this money could be used for the initial partial filing fee. *See* Okla. Stat. tit. 57 § 549(A)(5); *see also Williams v. Austin*, 890 P.2d 416, 418 (Okla. Ct. App. 1994) ("A prisoner's savings held by the Department of Corrections may be used to pay fees or costs in filing a civil action." (citations omitted)).

[2] *See Cosby v. Meadors*, 351 F.3d 1324, 1326-33 (10th Cir. 2003) (upholding dismissal of a federal inmate's civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay).

Entered this 11th day of June, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge